UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOSHIBA CORPORATION, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LEXAR MEDIA, INC,<br><br>　　　　Defendants.<br>_____/ | No. C 02-5273 MJJ  (JL)<br><br>**Order GRANTING Toshiba's Motion to Compel Lexar to Respond to Toshiba's Request for Production No. 24; Order GRANTING in part and DENYING in part Toshiba's Motion to Compel Lexar to Repond to Toshiba's Interrogatory No. 8; Order GRANTING in part and DENYING in part Toshiba's Motion to Compel Lexar to Respond to Toshiba's Interrogatory No. 9**<br>**Granting Docket Nos. 204, 205, & 206** |

**Factual and Procedural Background**

Both Toshiba and Lexar design, develop and market flash memory technology, including flash memory controllers and flash memory cards. The flash memory controller, whether on the flash memory card or in the host device, is the communication link between the host device (e.g., a camera or a computer) and the flash memory chips on the flash memory card.  The flash memory controller "writes" data to and "reads" data from the flash memory chips on the flash memory card in response to commands from the host device to which the flash memory card is connected.  Patents for the memory controller function are the basis for

1  this litigation. Both Lexar and Toshiba argue that the other has and continues to infringe on
2  several of its patents.
3        Toshiba filed the initial Complaint for declaratory judgment claiming fourteen of Lexar's
4  patents to be invalid, unenforceable and not infringed, on November 1, 2002. Lexar filed
5  counterclaims on November 21, 2002, alleging patent infringement. On February 12, 2003
6  Toshiba served Lexar with Toshiba's first set of interrogatories including Request for
7  Production No. 24 and Interrogatories Nos. 8 and 9.
8        All discovery other than claim construction was stayed from August 2003 until January
9  24, 2005. The parties exchanged written discovery on April 29, 2005. Both parties met and
10 conferred on August 16 and August 31, 2005, per Civil Local Rule 37, to address disputed
11 discovery issues without resolution. Toshiba requested on September 23, 2005 that this court
12 compel Lexar's responses to Toshiba's Request for Production No. 24 and Interrogatories
13 Nos. 8 and No. 9.

### Request for Production No. 24

#### Introduction

18    Both Toshiba and Lexar should exchange requested product samples no later than ten
19 days from the filing of this order.

#### Legal Argument and Analysis

22    Parties may obtain discovery regarding any matter, not privileged, that is relevant to the
23 claim or defense of any party. Fed.R.Civ.P. 26(b)(1).
24    Samples of Lexar products are relevant to Toshiba's claims and defenses that Lexar's
25 patents-in-suit are invalid. For instance, samples of Lexar's products may show that Lexar's
26 patents are invalid because Lexar's products containing the alleged inventions were publicly
27 used or sold more than a year prior to Lexar's patent application filing dates. Also, if Lexar
28 uses the best mode of practicing its inventions in it products but did not disclose that best

mode in its patent applications, then Lexar's resulting patents are invalid. Samples of Lexar's products are also relevant to Lexar's allegations that its alleged inventions may not be invalid due to their obviousness because they have enjoyed "commercial success." Thus, Lexar's product samples are relevant to Lexar's allegations of "commercial success" and Toshiba's defenses that Lexar's patents-in-suit are invalid, because Lexar products embodying the alleged inventions were sold or in public use over a year before Lexar filed its patent applications, and because Lexar failed to disclose its best modes of practicing its alleged inventions.

Lexar has always been willing to produce product samples. If Toshiba agrees to produce product samples by a date certain, Lexar has said it will make every effort to provide its samples on that date. Even in the absence of such an agreement, Lexar is working diligently to collect and produce product samples and expects to do so shortly.

**Motions to Compel Lexar to Respond to Toshiba's Interrogatories Nos. 8 and 9**

### Introduction

Lexar in its initial responses did not completely answer Toshiba's Interrogatories No. 8. and No. 9. The specific elements of Toshiba's requests are not in Lexar's Patent L.R. 3-1 Disclosure. The court orders Lexar to name each inventor who contributed to each patent-in-suit, to the extent that it is not reflected in Lexar's initial responses. The court orders Lexar to list Lexar products which practice the alleged patents-in-suit both currently and in the past.

### Legal Argument And Analysis

Under F.R.C.P. 33(b) each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. Further, all grounds for an objection to an interrogatory shall be stated with specificity. *Id*.

**Interrogatory No. 8**

Toshiba's Interrogatory No. 8 relates to Toshiba's claims and defenses that Lexar's patents-in-suit are invalid. If Toshiba used improper names or omitted the names of inventors this could render its patents invalid. The names of the inventors and documentation of the patents-in-suit are already part of Lexar's patent application. A more specific record of contributions may impose a greater burden on Lexar which Toshiba has not justified. In its motion to compel, Toshiba does not show good cause to believe that Lexar omitted or improperly listed inventors on its patent application.

Lexar suggests that depositions would be a more appropriate way for Toshiba to inquire into the individual contributions of Lexar's inventors. An inventor may be reasonably expected to testify with respect to a given invention. *CellNet Data Systems, Inc. v. Itron,* Inc., 178 F.R.D. 529, 534 (N.D.Cal. 1998) (citing: *Baxter International Inc. v. Cobe Lab., Inc.,* 794 F.Supp. 252, 254 (N.D.Ill. 1991). Further, under Patent L.R. 4-2(b) during Preliminary Claim Constructions, parties shall identify percipient and expert witnesses along with a brief description of the substance of the witness' proposed testimony. Depositions could help to identify omitted individuals by questioning inventors regarding individual contributions.

Additionally, Toshiba asks for the precise contributions of each inventor. This request asks multiple questions in a single interrogatory, resulting in an excess number of interrogatories. Moreover, such a disclosure is not mandated by the Patent Local Rules. Further, Toshiba does not show good cause as to how this will aid discovery. Nor does Toshiba suggest specifics leading to its belief that Lexar omitted names or submitted wrong names on its patent applications. Lexar's initial responses to Interrogatory No. 8 listed the names of certain inventors. The court orders Lexar to submit any inventor's names omitted from its initial responses and identify the alleged invention(s) to which the individual contributed.

**Interrogatory No. 9**

Patent L.R. 3-1 requires that each opposing party submit a Disclosure of Asserted Claims and Preliminary Infringement Contentions. This rule requires in part that the submitting party(s) provide, (a) each claim of each patent in suit that is allegedly infringed by each opposing party, (b) separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware, and (c) a chart identifying specifically where each element of each asserted claim is found with each Accused Instrumentality. Local Patent Rule 3-1 (2001). This requirement allows parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. *LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D.Cal. 2002) (citing: *Amtel Corp v. Information Storage Devices, Inc.*, 1998 WL 775115 at *2 (N.D.Cal. 1998)). These preliminary infringement contentions ("PICs") are designed to streamline the discovery process.

In the case at bar, Toshiba demands that Lexar match the patents-in-suit to all corresponding products made by Lexar both currently and in the past. Lexar seems to interpret Toshiba's request as requiring it to match the patents-in-suit only to the six products involved in the litigation. Toshiba's request does not relate directly to Lexar's claims against Toshiba and the information in its Patent L.R. 3-1 Disclosure. Lexar claims that "the assumption that Lexar's products in its Patent L.R. 3-1(f) disclosure embody the claims of the patents-in-suit, [is] a fact which is not disputed at this point in the case." Even if this claim is true, Toshiba's request does not address information contained in Lexar's 3-1 Disclosure. Instead, Toshiba's request relates to its contention that Lexar's patents are invalid. Toshiba seeks to identify <u>all</u> Lexar products embodying the allegedly invalid patents. If Lexar sold products embodying the disputed patents before the patents were issued, this could be evidence that the patents are invalid or unenforceable.

Lexar argues that Toshiba's interrogatory is an improper contention interrogatory, and that the parties are too early into the discovery process to warrant such an interrogatory. Contention interrogatories ask the responding party to take a legal position with respect to the

application of law to the facts of the litigation.  *In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328, 332 (N.D.Cal. 1985).  Due to the burden placed on the responding party, a requesting party has no absolute right to have a contention interrogatory answered. *Id.* at 333.

This interrogatory is not a contention interrogatory.  The interrogatory does not ask Lexar to expand on its claims of infringement against Toshiba's products.  Instead Toshiba asks for *factual* proof and documentation of a "disputed" issue of the litigation.  Although, the word "contention" appears in the phrasing of the interrogatory, this does not make this interrogatory a contention interrogatory.  Instead this interrogatory requests facts regarding Lexar's patents and products in existence before the commencement of this litigation. Answering this interrogatory does not require Lexar to present any legal conclusions.  Instead this interrogatory seeks facts which would support Toshiba's claim that Lexar's patents are invalid, if products which practiced the patents' technology were offered for sale before the patents were issued.

Toshiba seeks the information to show that Lexar disclosed or offered for sale a product more than a year before Lexar filed its patent applications or that Lexar omitted inventors from its patent applications.  Toshiba shows good cause for the court to compel Lexar to provide the disclosure and sale dates of relevant products.

Further, Toshiba requests precise documentation of how Lexar's products embody its alleged inventions.  The court will not grant Toshiba the ability to randomly and without good cause obtain detailed information on all products that practice the patents-in-suit.  This request imposes a heavy burden on Lexar to provide documentation as to how its patents correspond to its products.  Toshiba has good cause to ask what products practice the alleged inventions. However, documentation as to the location and precise manner in which each product practices the patent-in-suit amounts to a disclosure of proprietary information regarding non-accused products.  Toshiba's vague claims of fraudulent acts concerning Lexar's patent application process do not entitle Toshiba to this information.  Therefore, Toshiba is only

entitled to identification of all product/patent matches and their sale/disclosure dates.

### Order

The court orders Toshiba Corporation and Lexar Media, Inc. to exchange product samples consistent with Toshiba's RFP No. 24 no later than 10 days from the filing of this order. The court orders Lexar to submit a separate list of inventors for each of the patents-in-suit no later than ten days from the filing of this order. The court denies Toshiba's request for the specific contributions of each inventor as such a request would be overly burdensome and an appropriate topic for later depositions. The court also orders Lexar to identify all Lexar products that embody the alleged inventions along with their sale/distribution dates no later than 10 days from the filing of this order. The court orders Lexar to supplement its initial responses to both interrogatories no later than 10 days from the filing of this order.

IT IS SO ORDERED

DATED: October 25, 2005

_____
JAMES LARSON
Chief United States Magistrate Judge