UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOSHIBA CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LEXAR MEDIA, INC,<br><br>    Defendants.<br>_____/ | No. C 02-5273 MJJ  (JL)<br><br>**ORDER TO PROVIDE DISCOVERY**<br>**(Docket # 239)** |

**Introduction**

All discovery in this case was referred by the district court (Hon. Martin J. Jenkins) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. Toshiba filed its amended complaint November 18, 2005, Lexar filed its answer and counterclaims December 6, Toshiba responded December 20. On February 14, 2006 Toshiba filed its motion for summary judgment of invalidity of certain Claims of U.S. Patent No. 6,202,138 and all claims of U.S. Patent No. 6,397,314. February 15, Toshiba filed a motion for leave to file a request for reconsideration of some of the court's claim constructions. The cut-off for fact discovery has been extended by stipulation and order to March 24, 2006.

The parties filed a joint statement regarding a discovery dispute. Toshiba objects to some of Lexar's requests for production of documents and for Rule 30(b)(6) testimony. Toshiba refused to respond to the discovery requests on the basis that Lexar was seeking

documents and testimony regarding "unaccused products." Lexar contends that "accused products" include all products it identified by product name in its disclosures pursuant to Patent Local Rule 3-1.

**Patent Local Rule 3-1**

This Rule provides in pertinent part:

> 3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions. Not later than 10 days after the Initial Case Management Conference, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information:
>
> (a) Each claim of each patent in suit that is allegedly infringed by each opposing party;
>
> (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. *Each product, device, and apparatus must be identified by name or model number, if known*. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process . . .

(Emphasis added)

**Analysis**

Lexar asks this court to order Toshiba to produce all responsive, non-privileged documents and to provide testimony pursuant to Rule 30(b)(6) regarding all Toshiba's products in certain families of products, including:

(1) Toshiba's NAND EEPROM devices,

(2) Toshiba's Compact Flash series of products,

(3) Toshiba's Smart Media series of products,

(4) Toshiba's xD Picture Card series of products, and

(5) Toshiba's SD Memory Card series of products.

Lexar contends that it identified these products as accused devices, as required by Patent Local Rule 3-1, in its disclosures pursuant to Patent L.R. 3-1, served on April 29, 2005.

Toshiba refuses to produce documents or 30(b)(6) testimony on these families of products. Toshiba contends that Lexar in April 2005 identified specific Toshiba products accused of infringement and provided claim charts with respect to those products. Toshiba says that Lexar never contended that Toshiba products generically infringe or that "families" of Toshiba products infringe Lexar's patents.

Lexar had previously, in its May 5, 2003 Preliminary Infringement Contentions, identified the following as Toshiba products that infringe Lexar's patents.

Toshiba NAND EEPROM devices (including the TC58100FT, TC58010FT, TC58512AFT, TC58NVG0S3AFT00, and TH58DVG24B1FT00), Toshiba Compact Flash series of products (including the THCNFxxxMBA/BAI and THCNFxxxxMA), the Toshiba SmartMedia series of products (including the TC58NS100DC and TC58NS512DC) the Toshiba xD Picture Card series of products, and the Toshiba SD Memory Card series of products (including the SD-Mxxx Series).

Toshiba appears to be saying that since Lexar's April 29, 2005 disclosures were more limited than its May 5, 2003 disclosures that Lexar had therefore narrowed its list of accused Toshiba devices. This Court finds such an interpretation to be incorrect. In fact, Lexar characterizes its later disclosure as a supplement to its initial disclosure and the Court finds this to be a reasonable characterization. It is quite likely in the course of a patent dispute that a patent holder will identify more of its opponent's products that it contends infringe its patents. If the patent holder adequately and timely identifies them, then they are indeed "accused products."

Toshiba also contends that if Lexar fails to identify a product by model number than the product is not deemed to be an accused product. This misinterprets Patent Local 3-1, which requires an accused product to be *identified by name or model number, if known.* (Emphasis added). Lexar's identification of Toshiba's accused products falls well within the ambit of Rule 3-1.

1   Toshiba contends that Lexar cannot legitimately accuse a whole family of Toshiba
2 products by inserting the word "including" before the specific model numbers and that Lexar
3 is limited to the products whose model numbers it listed.
4   Lexar argues that it knew only some of the model numbers within each family of
5 Toshiba products and therefore included the numbers it knew at the time of the Rule 3-1
6 disclosure but used the word "including" to indicate that these were mere examples of the
7 products it accused within each family of Toshiba products.
8   The Court finds that Lexar might have used the phrase "including but not limited to"
9 before the model numbers to avoid such a dispute. The Court further finds that the word
10 "including" is sufficient to extend Lexar's identification to the family of Toshiba products of
11 which the models it identified are examples.
12   In addition, Toshiba attempts to justify refusing to produce documents by claiming
13 that they were already produced in the state court trade secret action between the parties.
14 The mere fact that documents were produced in another action or that the parties have
15 stipulated that the trade secret documents from the state litigation may be used in this
16 federal patent litigation does not relieve Toshiba of the duty to produce them if they are
17 responsive to Lexar's discovery requests. It is not Lexar's responsibility to identify
18 Toshiba's responsive documents.
19   For all the above reasons, this Court finds that Lexar's position is justified and orders
20 Toshiba to produce the requested documents and Rule 30(b)(6) testimony, within ten days
21 of the e-filing of this order.
22   IT IS SO ORDERED.
23 DATED: February 22, 2006

_____
JAMES LARSON
Chief Magistrate Judge